1

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,        No.  2:21-cr-00023-JAM

10              Plaintiff,

11        v.                         **ORDER DENYING DEFENDANT'S
                                     MOTION TO DISMISS**
12  JUAN ALBERTO MURIA-PALACIOS,

13              Defendant.

14

15        On November 29, 2021, Defendant filed a motion to dismiss

16  the indictment for violation of 8 U.S.C. Sections 1326(a) and

17  1326(b)(2).  See Mot. to Dismiss ("Mot."), ECF No. 33.

18  Defendant contends 8 U.S.C. Section 1326 is unconstitutional

19  under Village of Arlington Heights v. Metro. Housing

20  Development Corp., 429 U.S. 252 (1977) ("Arlington Heights")

21  because "the original entry and reentry laws were enacted with

22  a discriminatory purpose and still have a disparate impact" on

23  Latinx individuals.  Mot. at 2.  The Government opposed

24  Defendant's motion.  See Opp'n, ECF No. 36.  For the reasons

25  discussed below, the Court DENIES Defendant's motion.[1]

26

27  _____

    [1] The Court acknowledges Defendant's request for an evidentiary
28  hearing, see Mot. at 3, but determined this motion was suitable
    for decision without one.  E.D. Cal. L.R. 430.1(h).

                                 1

1               I.   BACKGROUND

2        Section 1326(a) makes it a crime when any alien who "has

3   been denied admission, excluded, deported, or removed . . .

4   thereafter enters, attempts to enter, or is at any time found

5   in, the United States" without appropriate authorization.

6   8 U.S.C. § 1326(a).  Section 1326(b)(2) provides that any alien

7   "whose removal was subsequent to a conviction for commission of

8   an aggravated felony" shall be subject to criminal penalties

9   for reentry.  Id. § 1326(b)(2).

10       On January 28, 2021, Defendant was charged with being a

11  previously deported alien found in the United States in

12  violation of 8 U.S.C. Sections 1326(a) and 1326(b)(2).  See

13  Indict., ECF No. 4.  Specifically, the indictment charges that

14  Defendant is an alien who was removed from the United States on

15  or about February 6, 2014, following a conviction for assault

16  with a firearm; and after he was removed, he was subsequently

17  found in the United States without authorization on or about

18  September 10, 2020.  Id. at 1-2.  Defendant now moves for

19  dismissal of the indictment.  See generally Mot.

20              II.   OPINION

21       Pointing to evidence that racism motivated Congress to

22  criminalize reentry and that Section 1326 continues to

23  disparately impact Latinx individuals, Defendant argues this

24  statute violates the Equal Protection Clause of the Fifth

25  Amendment.  Mot. at 3-21.

26  ///

27  ///

28  ///

                                2

Around the country, district courts have addressed identical constitutional challenges to Section 1326.  See, e.g. United States v. Cortez-Mendoza, NO: 2:20-CR-131-RMP-1, 2022 WL 706917 (E.D. Wash. March 8, 2022); United States v. Munoz-De La O, NO: 2:20-CR-134-RMP-1, 2022 WL 508892 (E.D. Wash. Feb. 18, 2022); United States v. Ponce-Galvan, Case No. 21-cr-02227-H-1, 2022 WL 484990 (S.D. Cal. Feb. 16, 2022); United States v. Hernandez-Lopez, Criminal No. H-21-440, 2022 WL 313774 (S.D. Tex. Feb. 2, 2022); United States v. Sanchez-Felix, No. 21-cr-00310-PAB, 2021 WL 6125407 (D. Colo. Dec. 28, 2021); United States v. Suquilanda, 21 CR 263 (VM), 2021 WL 4895956 (S.D. N.Y. Oct. 20, 2021); United States v. Zepeda, Case No. CR 20-0057 FMO, 2021 WL 4998418 (C.D. Cal. Jan 5, 2021).[2]  Of the many district courts that have addressed these challenges, only one found that Section 1326 does not pass constitutional muster and granted defendant's motion to dismiss the indictment.  See United States v. Carrillo-Lopez, Case No. 3:20-cr-00026-MMD-WGC, 2021 WL 3667330 (D. Nev. Aug. 18, 2021).

After careful review of the parties' briefs and supporting documents along with the other available district court opinions, this Court joins the nearly uniform weight of authority in finding that Section 1326 survives constitutional review.  Accord Suquilanda, 2021 WL 4895956, at *5 (noting the Carrillo-Lopez "opinion appears to be a somewhat of an outlier, as . . . the vast majority of courts that have considered this exact issue have upheld Section 1326.").  This is so regardless

_____

[2] The parties have not brought forward nor is the Court aware of any Circuit Court that has addressed this issue.

1  of which standard of review the Court applies to Defendant's
2  challenge.[3]

3      The Government contends "the same rational-basis standard
4  of review applicable to other federal immigration laws"
5  applies.  Opp'n at 4-7.  Under rational basis review, Section
6  1326 clearly survives because deterring illegal immigration is
7  a legitimate, rational government purpose directly advanced by
8  the statute.  Id. at 7-8.  Defendant does not attempt to argue
9  otherwise in his motion.  See generally Mot.

10     Instead, Defendant's argument hinges upon the Court
11 applying the more demanding Arlington Heights standard.  Mot.
12 at 3-6.  Under Arlington Heights, proof of a racially
13 discriminatory intent or purpose is required to show a
14 violation of the Equal Protection Clause.  Ramos v. Wolf, 975
15 F.3d 872, 896 (9th Cir. 2020).  "However, a [party] asserting
16 an equal protection claim need not 'prove that the challenged
17 action rested solely on racially discriminatory purposes' or
18 even that racial discrimination was the 'dominant' or 'primary'
19 purpose."  Id.  What is required is a showing that racial
20 discrimination was at least a "motivating factor."  Id.  To
21 determine whether racial discrimination was a "motivating
22 factor," courts consider the following factors: the "impact of
23 the official action" and whether it "bears more heavily on one
24 race than another"; the "historical background of the decision"

25 ──────────────
   [3] The district courts that have addressed this issue are split as
26 to which standard applies.  Compare United States v. Gutierrez-
   Barba, No. CR-19-01224-001-PHX-DJH, 2021 WL 2138801, at *5 (D.
27 Ariz. May 25, 2021) (applying rational basis review) and United
   States v. Machic-Xiap, Case No. 3:19-cr-407-SI, 2021 WL 3362738,
28 at *10 (applying Arlington Heights framework).

                                4

1  and whether it "reveals a series of official actions taken for

2  invidious purposes"; the "specific sequence of events leading

3  up the challenged decision" and whether it departs procedurally

4  or substantively from normal practice; and the "legislative or

5  administrative history" and what it reveals about the purpose

6  of the official action.  Id.

7     Defendant's motion marches through these factors.  See

8  Mot. at 6-17.  What Defendant fails to provide, however, is a

9  link between the legislative history of the 1929 Undesirable

10  Aliens Act and the 1952 reenactment of Section 1326.  Opp'n at

11  10-11.  Yet, "Arlington Heights directs the Court to look at

12  the motivation behind the official action being challenged" and

13  here the official action being challenged is Section 1326

14  codified in the 1952 Immigration and Nationality Act ("INA")

15  not the repealed 1929 Act.  See Ponce Galvin, 2022 WL 484990,

16  at *3.  To argue the 1929 Act's history is relevant to a

17  determination of the constitutionality of Section 1326,

18  Defendant relies on Ramos v. Louisiana, 140 S. Ct. 1390 (2020)

19  and Espinoza v. Montana Dep't of Revenue, 140 S.Ct. 2246

20  (2020).  Mot. at 17-18.  But as other courts have found, Ramos

21  and Espinoza do not support the contention that the challenged

22  law "should be judged according to legislative history from

23  laws enacted decades before."  Ponce Galvin, 2022 WL 484990, at

24  *2; see also Zepeda, 2021 WL 4998418, at *3 ("[T]he court is

25  unpersuaded that Ramos and Espinoza support defendant's

26  contention that Section 1326 should be judged according to

27  legislative history from laws enacted decades earlier.").

28  Significantly, Ramos and Espinoza did not involve an equal

protection challenge under Arlington Heights and are thus
readily distinguishable.  Opp'n at 12-13.  In short, neither
Ramos nor Espinoza held that discriminatory motivations of a
previous legislature determine the outcome of an Arlington
Heights analysis of a law enacted by a subsequent legislature.
Defendant's argument that the legislative history of the
repealed 1929 Act is controlling and later reenactments do not
cleanse the law of its original taint thus fails.  Opp'n at 13;
see also United States v. Sifuentes-Felix, No. 21-cr-337-WJM,
2022 WL 293228, at *2 ("As countless other courts have found,
such evidence bears little weight on Section 1326, which was
officially reenacted as a felony offense in 1952 as part of the
broader INA.").  Accordingly, Defendant's equal protection
challenge fails under Arlington Heights too.  Accord Ponce
Galvin, 2022 WL 484990, at *3 (finding Plaintiff's equal
protection claim fails under Arlington Heights); Zepeda, 2021
WL 4998418, at *3 (same).

### III.   ORDER

    For the reasons set forth above, the Court DENIES
Defendant's motion to dismiss.

    IT IS SO ORDERED.

Dated: March 29, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE